## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **BRIAN SITLER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Case No.**_____ |
| **THE CENTER FOR YOUTH** ) | |
| **EVANGELISM, INC.,** ) | |
| **ANDREWS UNIVERSITY,** ) | |
| **HOPE CHANNEL INTERNATIONAL** ) | |
| **INC., ADVENTSOURCE, INC.,** ) | |
| **and JOHN DOES 1-100** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Brian Sitler, files this Complaint against Defendants, The Center for Youth

Evangelism, Inc., Andrews University, Hope Channel International, Inc., and Adventsource, Inc.

This is an action for Copyright Infringement in violation of 17 U.S.C. §§ 101 *et seq*. and Breach

of Contract.

### I. PARTIES

1.     Plaintiff Brian Sitler ("Plaintiff") is in the business of creating, writing,

composing, producing, and recording music.

2.     Sitler is an individual residing at 634 Hurricane Creek Road, Chattanooga,

Tennessee 37421.

3.     Upon information and belief, Defendant The Center for Youth Evangelism, Inc. is

a nonprofit corporation organized under the laws of the State of Michigan.

4.      Defendant CYE has its principal place of business at 4150 Administration Drive, Berrien Springs, Michigan 49104. Defendant CYE can be served via its registered agent, Gwendolyn Powell Braswell, at 4150 Administration Drive, #321, Berrien Springs, Michigan 49104.

5.      Upon information and belief, Defendant Andrews University is a nonprofit corporation organized under the law of the State of Michigan.

6.      Defendant Andrews University has its principal place of business at 4150 Administration Drive, Berrien Springs, Michigan 49104. Defendant Andrews University can be served via its registered agent, Gwendolyn Powell Braswell, at 4150 Administration Drive, #321, Berrien Springs, Michigan 49104. Upon information and belief, Defendant Andrews University owns and controls, or is affiliated with and acts in concert with, Defendants CYE, Hope Channel, and Adventsource.

7.      Upon information and belief, Defendant Hope Channel International, Inc. is a corporation organized under the law of the State of Maryland.

8.      Defendant Hope Channel has its principal place of business at 12501 Old Columbia Pike, Silver Springs, Maryland 20904. Defendant Hope Channel can be served via its registered agent, The Corporation Trust, Incorporated, at 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093.

9.      Upon information and belief, Defendant Adventsource, Inc. is a nonprofit corporation organized under the law of the State of Nebraska.

10.      Defendant Adventsource has its principal place of business at 5120 Prescott Avenue, Lincoln, Nebraska 68506. Defendant Adventsource can be served via its registered agent, C T Corporation System, 5601 South 59th Street, Suite C, Lincoln, Nebraska 68516.

2

11.     Summons for all Defendants named herein are attached hereto as Exhibits D-G with Local Rule 4.01(a).

## II. VENUE AND JURISDICTION

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338.

13.     This Court has both general and specific personal jurisdiction over Defendants, who have had substantial, continuous, and systematic contacts with Tennessee that approximate physical presence in this State. Personal jurisdiction over Defendants is authorized by Tennessee's long-arm statute, codified at Tenn. Code Ann. §§ 20-2-201, 20-2-214 and 20-2-223.

14.     Alternatively, Defendants have minimum contracts with Tennessee, so as to justify specific jurisdiction because (1) Defendants have performed specific acts in this State and have purposefully availed themselves of the privileges of conducting activities in this State, (2) Plaintiff's claims arise out of, and result from those acts, and (3) the Court's jurisdiction over Defendants is reasonable.

15.     This Court has supplemental jurisdiction over Plaintiff's pendent state law claim pursuant to 28 U.S.C. § 1367.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims have occurred in this District.

## III. FACTS

### A.  SITLER'S REGISTERED WORKS

17.     Defendant CYE hosts a festival approximately every five years for thousands of Seventh-Day Adventist youth and adults. These festivals are known as the International Pathfinder Camporee. Each Camporee features five 30-40 minute live theatrical performances on

3

consecutive nights. Each live performance features actors lip-synching to sound recordings created by Plaintiff.

18.     Plaintiff produced sound recordings ("Recordings") for Defendant CYE's 2019 festival which took place on August 12-17, 2019. The Recordings include dialogue, musical compositions, musical tracks, and music vocals. The Recordings were structured to accommodate the timing of actors and props on and off stage for the 2019 Camporee.

19.     Plaintiff and his partner, Andrew Strong, entered into an agreement with CYE dated August 3, 2015 ("Agreement"), to create music, script, and soundtrack for five 30-40 minute live theatrical performances ("Performances"). One Performance was performed each night of the 2019 Camporee. The Agreement provided that "All script and music rights are owned by CYE." A true and correct copy of a partially executed Agreement is attached hereto as Exhibit A. Plaintiff does not have a copy of the Agreement executed by Ron Whitehead, but Plaintiff performed its obligations under the Agreement, which obligations were accepted by Defendant CYE.  Andrew Strong himself did not create the Recordings at issue in this case.  Mr. Strong acknowledged that Plaintiff is the "sole owner of 'sound recording' copyrights" at issue in this case.  Attached hereto as Exhibit B is a true and correct copy of a document signed by Mr. Strong to this effect.

20.     The Agreement provided that Plaintiff could "sell the 'David Music' starting at the Chosen Camporee, August 12, 2019." Plaintiff manufactured CDs embodying the Recordings and traveled to the 2019 Camporee to sell them at a location he expected to be provided by Defendant CYE. This location included booths for many vendors to sell merchandise at the 2019 Camporee. However, Defendant CYE refused to provide Plaintiff with a booth when he arrived.

4

21.    The Agreement did not contemplate a sale, transfer, assignment, or license of the Recordings to Defendant CYE.

22.    Although the Agreement was between Plaintiff and Defendant CYE, Plaintiff was always paid by Defendant Andrews University via checks endorsed by Defendant Andrews University.

23.    On September 2, 2019, Plaintiff registered his copyrights in the Recordings with the United States Copyright Office. A true and correct copy of the Certificate of Registration bearing Registration Number SR 854-551 is attached hereto as Exhibit C.

## B.  DEFENDANTS DISTRIBUTE AND MODIFY SITLER'S REGISTERED WORKS WITHOUT PERMISSION

24.    Defendants have continuously used the Recordings in unauthorized broadcasts, video livestreams, and advertisements on Facebook, YouTube, Vimeo, and other social media platforms to promote ticket sales for the upcoming 2024 Camporee.

25.    Defendants have distributed, without Plaintiff's permission and despite his objection, the Performances, which Performances are embodied on unauthorized DVDs, streams, broadcasts, and downloads. The Performances can be accessed on Defendant CYE's website at https://www.camporee.org/about/our-history/2019-chosen/ and can be viewed at https://vimeo.com/adventistyouth. The DVDs are available for purchase on www.adventsource.org. The recordings were synchronized with visual images without Sitler's authorization.

26.    Defendant CYE modified the Recordings without Plaintiff's permission after he delivered them to Defendant CYE for use at the 2019 Camporee only by adding a choir, sound effects, and other musical elements. In addition, Defendant CYE modified the Recordings without Plaintiff's permission by separating musical compositions embodied on the Recordings

5

into individual songs and are now distributing them in digital and physical form. Defendant CYE translated the Recordings to Portuguese, Spanish, French, Italian, Korean, and Mandarin without Plaintiff's permission. Plaintiff did not authorize Defendant CYE to make such modifications or distribute the Recordings as modified. All such modified Recordings are referred to herein as Unauthorized Derivative Works.

27.     Defendants are distributing the Recordings and Unauthorized Derivative Works on a worldwide basis.  All are available for digital download on digital service providers such as Amazon Music and Apple Music and streaming on the Camporee website and other music streaming platforms such as Apple Music, Spotify, Amazon Music, and others.

28.     Defendants, without permission and over Plaintiff's objection, have willfully infringed on Plaintiff's rights in the Recordings by reproducing, distributing, displaying, and publicly performing the Recordings throughout the United States and the world.

29.     Plaintiff, through a letter from counsel dated September 17, 2020, notified Defendant CYE about the infringing conduct described herein and demanded that Defendant CYE cease and desist such infringing conduct. However, Defendants, as of the date of filing this Complaint, continue their infringing activities described above.

30.     As a result of Defendants' willful conduct, Plaintiff has sustained substantial injury, loss, and damage to his ownership in the Recordings.

## IV. CAUSES OF ACTION

### A. Copyright Infringement

31.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully written herein.

32.     The Recordings are original to Plaintiff and are subject to copyright protection under 17 U.S.C. §§ 101 *et seq*.

33.     Plaintiff is currently, and at all relevant times has been, the sole owner of all rights, title, and interests in and to the Recordings.

34.     By its actions, Defendants have infringed and will continue to infringe on Plaintiff's copyrights. Defendants have, without authorization from or payment to Plaintiff, distributed, reproduced, displayed, and publicly performed the recordings.

35.     Defendants' conduct has been, and continues to be, willful and knowing.

36.     Because of Defendants' infringing conduct, Plaintiff has sustained and will continue to sustain substantial injury, loss, and damage to his ownership interest in the Recordings.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages, including but not limited to, lost licensing revenue, lost profits, lost opportunities, loss of goodwill, and lost publicity. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover his own damages plus Defendants' profits derived from the Recordings.

38.     In the alternative, pursuant to 17. U.S.C. § 504(c), Plaintiff is entitled to statutory damages for each willful infringement, as proven, up to the maximum of $150,000 for each infringement. Plaintiff is also entitled to his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

39.     Defendants' conduct is causing, and, unless enjoined by this Court, will continue to cause, Plaintiff irreparable injury that cannot be fully compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a

permanent injunction prohibiting infringement of Plaintiff's Recordings and distribution and use of the Unauthorized Derivative Works.

## B. Breach of Contract

40.     Plaintiff incorporates the allegations set forth in the preceding paragraphs as if the same were fully written herein.

41.     Plaintiff and Defendant CYE entered into the Agreement attached hereto as Exhibit A.

42.     Defendant CYE's refusal to provide Plaintiff with a booth to sell the Recordings at the 2019 Camporee was a breach of the Agreement.

43.     Plaintiff suffered actual damages including lost profits, lost opportunities, loss of goodwill, and lost publicity as a result of Defendant CYE's breach.

## V. PRAYER FOR RELIEF

WHEREFORE, the above premises considered, Plaintiff prays for the following relief:

1.     That proper process issue for service upon Defendants;

2.     That Defendants be ordered to pay Plaintiff such damages as the trier of fact determines Plaintiff has sustained as a result of Defendants' acts of copyright infringement;

3.     That Defendants be ordered to account for all gains, profits and advantages derived by Defendants as a result of their infringing conduct and to pay the same to Plaintiff;

4.     In the alternative, that Plaintiff be awarded statutory damages and attorney fees in an amount to be determined by this Court in accordance with the United States Copyright Act;

5.     That Defendants be ordered to pay Plaintiff such damages as the trier of fact determines Plaintiff has sustained as a result of Defendants' breach of the Agreement;

8

6.      That this Court permanently enjoin Defendants from using or distributing the Recordings or the Unauthorized Derivative Works in any manner;

7.      That this Court award the Plaintiff his costs incurred in the prosecution of this cause; and

8.      That Plaintiff be awarded such other relief as this Court determines to be appropriate in law or equity.


Respectfully submitted,


/s/ *Bruce H. Phillips*_____
Bruce H. Phillips (BPR No. 16499)
Law Office of Bruce H. Phillips, PLLC
7313 Horn Tavern Court
Fairview, Tennessee 37062
Telephone: (615) 667-6700
E-mail: bruce@brucephillipslaw.com

*Counsel for Plaintiff Brian Sitler*