IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIAN SITLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00613 ) ) |
| THE CENTER FOR YOUTH EVANGELISM, INC., ANDREWS UNIVERSITY, HOPE CHANNEL INTERNATIONAL, INC., ADVENTSOURCE, INC., and JOHN DOES 1-100, | ) JUDGE RICHARDSON ) ) ) ) ) ) |
|     Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Brian Sitler's Motion for Leave to File Documents Under Seal (Doc. No. 82, "Motion to Seal"). Having reviewed the Motion to Seal and other relevant filings,[1] the Court finds that the requested action is warranted. Therefore, the Motion to Seal is granted.

## **BACKGROUND**

In his Motion to Seal, Plaintiff requests, in accordance with Local Rules 5.03 and 7.01 and Section 5.07 of Administrative Order 167-1, that Plaintiff's Response to Defendants' Second Motion to Dismiss ("Response") remain under seal. In support of his Motion to Seal, Plaintiff

---

[1] The other relevant filings to which the Court herein refers include the Complaint (Doc. No. 1), the "Joint Motion for Entry of Protective Order" (Doc. No. 39), the Court's grant (by margin order) of the "Joint Motion for Entry of Protective Order" (Doc. No. 40), and "Plaintiff's Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Subject Matter Jurisdiction, Failure to State a Claim, or in the Alternative to Transfer for Improper Venue." (Doc. No. 84).

asserts that his Response requires the filing of extensive testimony and documents—items filed by Plaintiff at Doc. Nos. 83-1 through 83-6 (collectively, "Specified Documents")—obtained during the limited jurisdictional discovery ordered by this Court that have been designated for purposes of discovery as "Confidential" or "Attorneys Eyes Only." (Doc. No. 82 at 1). Plaintiff explains that he has moved to seal the Specified Documents because counsel for Defendants (the parties that designated them "Confidential" or "Attorneys Eyes Only") has instructed Plaintiff's counsel to do so.[2] There is no indication that Plaintiff is actually a proponent of sealing (as opposed to a party that feels compelled to move for sealing because the designating party asked him to).

Somewhat surprisingly, and not ideally, Defendants have not responded to the Motion to Seal. Thus, the Court regrettably lacks the perspective of the parties that actually affirmatively desire sealing and are in the best position to advocate for the sealing.

## **ANALYSIS**

Unfortunately, neither party has provided an analysis as to why the Motion to Seal should (or should not) be granted, and so the Court conducts its own analysis to determine whether the Specified Documents should remain under seal. There is a longstanding and "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). Thus, a party that seeks to seal certain documents must meet a high burden, as only, "the most compelling reasons…justify non-disclosure of [the] judicial records." *Id.* (internal citations omitted). If "the public interest in the litigation's subject matter" is great, then this burden only grows heavier. *Id.* And "even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* In other words, "[t]o meet this burden, the party must show three

---

[2] All Defendants are represented by the same counsel.

things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Shane Grp., Inc.* (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)).

Even where a party provides its own analysis to support a motion to seal, a district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1176. This is true even if neither party objects to the motion. *Id.* Therefore, a court should explain the basis for sealing court records irrespective of whether anyone objects to the sealing.

Granting a protective-order motion (including a motion to seal, see Fed. R. Civ. P. 26(c)(1)(F)) is within the trial court's discretion, but that discretion "'is circumscribed by a long-established legal tradition' that values public access to court proceedings." *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (quoting *Brown & Williamson Tobacco Corp.*, 710 F.2d 1165, 1177). However, courts have emphasized the discretion of the trial court in this area, specifically that "every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978).

To say that a district court has "supervisory power" or "discretion" to deny the public access to documents, however, is not to say that a district court operates without standards. *Id.* To the contrary, the Court must honor the above-referenced three requirements for sealing; if those requirements are not satisfied, then the Court lacks the discretion to order sealing and instead must decline to order sealing. On the other hand, where those requirements are satisfied, the Court has the discretion to either grant or deny the request for sealing.

Even where a party provides its own analysis in a motion to seal, a district court that chooses to seal court records must set forth specific findings and conclusions that "justify nondisclosure to the public." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1176. This is true even if neither party objects to the motion. *Id.* Therefore, a court must explain the basis for sealing court records irrespective of whether anyone objects to it. And the Court will do so here, starting with the documents Defendants contend should remain sealed.

Exhibit 8 to the response (Doc. No. 83-1) comprises internal financial information regarding Defendant Andrews University, including an independent auditor's report and consolidated financial statements, which are typically not made public. Exhibit 9 to the Response (Doc. No. 83-2) is a contract between an outside vendor and Defendant Andrews University. Exhibit 10 is internal student information from Defendant Andrews University (Doc. No. 83-3). Exhibits 15 and 16 to the response (Doc. Nos. 83-4, 83-5) are exhibits to a deposition for Defendant Adventsource, Inc. and contain internal sales information. Exhibit 18 to the Response (Doc. No. 83-6) comprises excerpts—referring to inner workings of Defendant Hope Channel International, Inc. and their employee structure—from a deposition of Justin Woods.

Further, the Court finds that the interests of the public in viewing the content of these exhibits is minimal. The interests of the public in accessing an exhibit to a motion are diminished when the nature of the motion can be understood even without access to be documents for which sealing is sought. *See Wiggins v. Bank of Am., N.A.* No. 2:19-cv-3223, 2020 WL 7056479, at *2 (S.D. Ohio Dec. 2, 2020) ("[T]he public can understand the nature of the discovery dispute at issue in Plaintiff's Motion to Compel without accessing the redacted information.') And these documents have relatively little to do with the alleged wrongful conduct in this litigation. Finally,

the request to seal these documents is not overly broad, as the documents reflect internal information not typically made public.

Accordingly, Plaintiff's Motion (Doc. No. 82) is GRANTED, and the Clerk is directed to maintain the Specified Documents (Doc. Nos. 83-1 through 83-6) under seal.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE